UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA A. LAZZARA,

        Plaintiff,

v.                                                           Case No. 8:19-cv-02524-AEP

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

_____/

## ORDER

      Plaintiff seeks judicial review of the Administrative Law Judge's ("ALJ") decision finding that Plaintiff was overpaid in Title II benefits in the amount of $51,419.40 by the Social Security Administration ("SSA") and does not qualify for a waiver.  Plaintiff requested that the Appeals Council review the ALJ's decision but the Appeals Council dismissed her request, finding that the request was untimely and that Plaintiff failed to show good cause for missing her filing deadline. For the reasons set forth below, the Commissioner's decision is reversed and remanded.

**I.**

### A.   Background

      On May 19, 2004, the ALJ found Plaintiff disabled with an established onset date of disability of January 31, 2002 (Tr. 24).  Plaintiff and her children were awarded Title II benefits (Tr. 24).  Then, in July 2014, the SSA issued a notice

informing Plaintiff that she was overpaid in Title II benefits in the amount of $51,419.40 from March 2011 through June 2014 (Tr. 24). In response, Plaintiff filed a "Request for Waiver of Overpayment Recovery or Change in Repayment Rate," alleging that the overpayment was not her fault and that she cannot afford to repay the debt (Tr. 24, 155-62). Plaintiff's request was denied at the initial and reconsideration levels (Tr. 24, 167-68, 175-78). Thereafter, Plaintiff filed a written request for hearing and a hearing was held on January 10, 2019 where Plaintiff appeared and testified (Tr. 24, 353-81). Following the hearing, on March 22, 2019, the ALJ issued an unfavorable decision finding that the overpayment amount of $51,419.40 is not waived and that Plaintiff is liable pursuant to section 204(a)(1)(A) of the Social Security Act (Tr. 21-28).

Plaintiff was informed that she had 60 days from the date she received the notice of the ALJ's decision to appeal the decision (Tr. 21). Moreover, the notice indicated to Plaintiff that the Appeals Council assumes she got the notice 5 days after the date of the notice unless Plaintiff shows that she did not receive the notice within the 5-day period (Tr. 21). On June 5, 2019, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 3-5). The Appeals Council found that Plaintiff failed to file her request for review within 60 days from the date that the notice of the decision was received as required by 20 C.F.R. § 404.968(a) (Tr. 6). Although this 60-day time period will be extended if good cause is shown for missing the deadline (20 C.F.R. § 404.968(b)), the Appeals Council

found that Plaintiff failed to demonstrate good cause and that none of the relevant standards were satisfied (Tr. 6).

In a letter dated July 8, 2019, Plaintiff alleged that she did not receive the ALJ's hearing decision until April 8, 2019 because it was delivered to the wrong mailbox (Tr. 6; Doc. 17, Pg. 4).  She claimed that the office manager for her apartment community called her that day and informed her that another resident dropped off the letter containing the notice and decision (Tr. Doc. 17, Pg. 4). Despite this, the Appeals Council found that none of the relevant standards of 20 C.F.R. § 404.911 were satisfied (Tr. 6).  The Appeals Council reasoned that Plaintiff filed her request for review several weeks after she received the decision and thus, there was no good cause for her untimely filing (Tr. 6).  Plaintiff then timely filed a complaint with this Court (Doc. 1).  The case is now ripe for review under 42 U.S.C. §§ 405(g); *see Smith v. Berryhill*, 139 S. Ct. 1765, 1780 (2019) (holding that the Appeals Council's dismissal on timeliness grounds of a claimant's request for review of an ALJ's decision is a final decision and, therefore, is subject to judicial review under § 405(g)).

## II.

Where the Appeals Council's determination that a claimant did not timely request review is supported by substantial evidence, a court will review the agency's decision not to excuse the untimely filing for abuse of discretion. *Smith*, 139 S. Ct. at 1779, n. 19.  However, in this instance, substantial evidence does not support the Appeals Council's determination that Plaintiff did not timely request review of the

ALJ's decision.  Here, Plaintiff had 60 days from the date she received the ALJ's notice to request the Appeals Council to review the ALJ's decision. *See* 20 C.F.R. § 404.968(a)(1).  The regulations define "[d]ate you receive notice" as 5 days after the date of the notice unless the claimant can show that she did not receive the notice within that period. 20 C.F.R. § 404.901.  In considering whether a claimant has good cause for missing a deadline to request review, the Commissioner considers: (1) the circumstances that prevented the claimant from making a timely request for review; (2) whether the Commissioner's actions misled the claimant; (3) whether the claimant did not understand the requirements of the Act due to amendments, legislation, or court decisions; and (4) whether the claimant had physical, mental, educational, or linguistic limitations. 20 C.F.R. § 404.911(a).  Section (b) of that chapter also provides a list of examples of circumstances where good cause may exist.

Plaintiff contends and attempts to show that she received notice of the ALJ's hearing decision on April 8, 2019 (Doc. 17, Pg. 4).  Moreover, Plaintiff filed her request for review from the Appeals Council on June 5, 2019, which is within 60 days of the date that Plaintiff claims she received notice from the ALJ of her right to appeal (Tr.  3-5).  If Plaintiff's statement (Doc. 17, Pg. 4) is true, then Plaintiff timely filed her request for review from the Appeals Council.

Here, the Appeals Council provides no explanation as to why it determined that Plaintiff had notice prior to April 8, 2019.  It does not appear that the Appeals Council gave any consideration to Plaintiff's contention.  Instead, the Appeals

Council merely states in conclusory fashion that "none of the relevant standards [of 20 C.F.R. § 404.911] are satisfied" (Tr. 6).   However, it appears that multiple situations listed in 20 C.F.R. § 404.911(b) may apply in the present circumstances. For example, 20 C.F.R. § 404.911(b)(7) states that good cause may exist if "[y]ou did not receive notice of the determination or decision."  20 C.F.R. § 404.911(b)(7). That situation appears precisely on point with what Plaintiff alleges here.  She claims that the ALJ's decision was sent to the wrong mailbox (Tr.  6; Doc. 17, Pg. 4).  If true, this would mean that she did not have notice of the ALJ's decision on the presumed date of five days after the date of such notice.

Moreover, 20 C.F.R. § 404.911(b)(9) states that good cause may exist if "[u]nusual or unavoidable circumstances exist [] which prevented you from filing timely."  Here, the fact that the notice was sent to the wrong mailbox, if true, is an unavoidable circumstance for Plaintiff.  Although the Appeals Council states that her request was filed several weeks after she received the decision, this fact is immaterial.  The statute provides Plaintiff with 60-days to appeal after the receipt of the notice.  20 C.F.R. § 404.968(a).  If Plaintiff truly did not receive the notice until April 8, 2019, then she should be afforded 60 days from that date to request an appeal of the ALJ's decision.

On remand, the Commissioner should consider Plaintiff's credibility in determining whether Plaintiff has demonstrated good cause for the alleged untimely filing of her notice of appeal.  If the ALJ finds that Plaintiff is credible, then Plaintiff

should be given 60 days to appeal from the time that she <u>actually</u> received notice of the ALJ's decision.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1.  The decision of the Commissioner is REVERSED and the matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

2.  The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 2nd day of March, 2021.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge


cc:  Counsel of Record